Van Brunt, P. J.
It was sought in the court below to set aside the service of the papers herein, because the defendant was brought by fraud, force and duress into the jurisdiction of this court, and then served with the papers in the action. There was no question raised upon the motion as to the regularity of the service itself, in that such service was made out of the state, and therefore no such question is involved upon this appeal.
If the defendant was forced by the officers who had this process for service to come with them into this state, and thus subject himself to its jurisdiction, which he would not otherwise have done, then clearly the whole of the proceedings must be set aside.
But the evidence shows conclusively that this was not the case.
The proof shows that the defendant would not have been allowed to land at any other place than Castle Garden, which is in this state.
The weight of evidence seems to be decidedly with the plaintiff, showing that the liberty of movement upon the part of the defendant was in nowise interfered with by those having these papers to serve until the defendant was upon the steamboat which was to take him to Castle Garden, upon which he was bound to go in order to land. The defendant had no option in this matter; he would have been compelled under any circumstances, whether under arrest or otherwise, to have come to Castle Garden in this state to land, and he went aboard of this boat to be transported to Castle Garden, in order that he might land.
The. defendant was not, therefore, brought into the jurisdiction of this court by any fraud whatever, nor by any force or duress exercised by the officers having these papers for service; but if any force or duress was used, it was by the officers of the United States government, in requiring the defendant to land at that place in the port of New York, which the government authorities had designated for that purpose, and there is no evidence that any force or duress 'was exercised, even by the officers of the United States, it nowhere appearing that prior to making the affidavits upon this motion the defendant ever had the intention, or supposed that he would land anywhere except in New York.
It is true that he uses the expression, “Upon leaving the steamer for the purpose of landing at Hoboken,” but it is very manifest that he knew that he could not land at Hoboken, but must pass through Castle Garden.
The next question arises upon the motion to set aside the offer of judgment, because it was executed by duress.
The difficulty with the defendant’s case is that the weight ■ of the evidence is largely against him.
His statements are more than fully denied, and the failure upon his part to explain why he was traveling under an assumed name, where he got the property from which he *217 had with him, and why he was coming to this country, cast such a suspicion upon any statement which he might make as to render it entirely unworthy of credit. Honest men do not commonly find it necessary to be traveling under assumed names, and they ordinarily have some motive for their journeyings which they can explain.
It is undoubtedly true that “a party who exacts a security from one whom he wrongfully restrains of his liberty can derive no aid, from the fact that the claim which he enforced by illegal means was just. He cannot be permitted to allege the outstanding obligation of another as a justification of his own fraudulent acts in deliberate violation of law. In all such cases it is the simple duty of the court to condemn the contract, and the parties are thus remitted to their antecedent rights.” Osborn v. Robbins, 36 N. Y., 365.
But this rule has no application here. The defendant was lawfully in custody and he was fully informed as to his rights and wanted to settle with his creditor in order that he might procure his release. If it was not apparent from the conceded features of this case that the defendant was guilty of the charge against him, the court would undoubtedly relieve him from the offer made, but with no explanation upon the points suggested, the conclusion is inevitable. that no injustice has been done or suffered.
The claim that the order of arrest and attachment should have been set aside upon the papers upon which granted, is not well taken, because the papers were sufficient in the first instance, and even if they were not, affidavits being served with the order to show cause, the plaintiff had the right to read additional affidavits in support of the process.
The objection that the non-residence of the defendant was not shown, we do not think can have been intended seriously. The papers show that the defendant had been a clerk at Odessa, in Russia, and was fleeing to this country under an assumed name with the fruits of an embezzlement.
In the absence of any other evidence upon the subject of residence, this would seem to be sufficient.
The order appealed from should be affirmed, with ten dollars costs and disbursements.
Macomber and Bartlett, JJ., concur.